UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY D. COLBERT,

              Petitioner,

   v.

JASON BENNETT,

             Respondent.

Case No. C24-1439-DGE-SKV

REPORT AND RECOMMENDATION

**INTRODUCTION**

Petitioner Bobby Darrell Colbert is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Dkt. 5. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he contends his Fourth Amendment rights were violated at the time of his arrest. *Id.* Petitioner has filed other federal habeas petitions relating to the same judgment. Having reviewed the petition filed in this matter and Petitioner's prior petitions, this Court concludes this is a successive petition over which the Court lacks jurisdiction. The petition should therefore be dismissed.

\\

\\

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

The present federal habeas petition was filed on September 16, 2024. *See* Dkt. 5. It relates to the judgement and sentence entered under Skagit County Superior Court case number 04-1-00497-6. *Id.* at 2. In the petition, Petitioner alleges his Fourth Amendment rights were violated when he was arrested "without a warrant by a single officer who come to my residence." *Id.* He alleges "[t]hat no District Court records exist upon the Superior Court docket," that he has been "den[ied] [a]ccess to the [c]ourts," and that his detention is illegal. *Id.*; *see also* Dkt. 5-2 at 1-2.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner has filed or submitted ten other federal habeas petitions challenging his conviction under Skagit County Superior Court Case No. 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe,* C12-0563-RAJ; *Colbert v. Gilbert*, C16-1247-JLR; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24-0889-LK; and *Colbert v. Bennett*, 24-1002-DGE-TLF. Nine such petitions were dismissed with prejudice, with one petition still pending before the Court. That fact renders the instant petition successive for purposes of 28 U.S.C. § 2244(b).

Under § 2244(b)(2), the Court must dismiss a claim presented in a successive petition if it was presented in a prior habeas petition. In the instant petition, however, Petitioner contends his

REPORT AND RECOMMENDATION - 2

claims in prior petitions were "[d]ifferent claims than that raised herein." Dkt. 5 at 4. If a claim presented in a successive petition was *not* presented in a prior petition, the Court must still dismiss it unless the petitioner can satisfy one of two standards. Petitioner must either show (1) that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or (2) that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(2). Petitioner does not satisfy either of these standards here. As such, pursuant to § 2244(b)(3)(A), the Court is without jurisdiction to consider this petition unless the Ninth Circuit Court of Appeals has authorized its filing. Petitioner provides no evidence that the Ninth Circuit has provided such authorization. The petition should therefore be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability here.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition, Dkt. 5, be dismissed for lack of jurisdiction and that a certificate of appealability be denied. A proposed Order and proposed Judgment accompany this Report and Recommendation.

### V.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 9, 2024**.

Dated this 18th day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge